In the matter of the application of the MAYOR, &c., OF THE CITY OF NEW YORK, relative to the opening and extension of the Bowery.

Section 12 of the act of April 30, 1839, (*Laws of* 1839, *ch.* 209,) does not authorize the supreme court in the first judicial district, at general term, to revise and modify the rules made by the old supreme court, in July, 1839, relative to the taxation of the costs of opening and improving streets in the city of New York.

Accordingly *held,* that the rules upon that subject, adopted at a general term of the supreme court held in the first district, on the 30th of March, 1854, were void and nugatory.

The supreme court, in the several judicial districts of the state, has no power to

In the matter of opening and extending the Bowery.

make general rules. That power is, by § 470 of the code, expressly given to the convocation of judges therein mentioned, who are to meet every two years for that purpose.

The act of April 1, 1854, (*Laws of* 1854, *p.* 281,) governs as to the taxation of the costs and expenses of street improvements in the city of New York. Consequently all bills of the corporation counsel, for services rendered, or of proceedings pending previous to the first day of January, 1855, are to be taxed at the rates allowed previous to the passage of that act.

APPEAL from a decision made at a special term, confirming the report of commissioners, and the taxation of costs by the clerk. The objections, argued before this court, were to the costs as taxed by the clerk. Various objections were taken to the bill of costs, of which it is necessary to notice only the following: "1. That the bill is not made out conformably to the rules of this court, adopted at the general term, held in March, 1854, and is filled with charges for services which may not be performed and were not rendered, as admitted, at the time of such taxation; and each and every item of said bill is generally objectionable, and is objected to herefor; and that under the notice of taxation, commissioners cannot tax any other charges than those for their own attendance, at legal rates, and their own lawful expenses, and not costs or counsel fees, or charges for the services of others." The notice was as follows:

"Supreme Court. In the matter of the mayor, aldermen and commonalty of the city of New York, relative to opening and extending of the Bowery, from the southerly side of Chatham square to Franklin square in said city.

Notice is hereby given that the costs, charges and expenses incurred by reason of the proceedings in the above entitled matter will be taxed by the clerk of the supreme court, at his office in the city hall of the city of New York, on Saturday the 30th day of December, A. D. 1854, at 12 o'clock, M.

GEORGE B. SMITH,
WM. N. McINTYRE,
BARTLETT SMITH,
*Commissioners.*

New York, December 6th, 1854."

" Objection 2. That the usual and customary rates, charges, proofs, &c., mentioned in § 1 of the act of April, 1854, are only those fixed by the rules of this court, adopted at a general term thereof held in March, 1854. No custom can be sanctioned which is not legal;· and these general term rules are made pursuant to, and by authority of, § 12 of the act of April 20, 1839, and became part thereof."

*R. J. Dillon,* counsel for the corporation, in person.

*Wm. N. Dyckman* and *Wm. Curtis Noyes,* contra.

*By the Court,* MORRIS, J. Each of these objections is founded upon the presumption that the rules, adopted by the general term of the supreme court in this district, on the 30th of March, 1854, established the principle upon which the services in this matter were to be performed and the costs are to be taxed. If this position is correct, the costs are improperly taxed.

The 12th section of the act entitled " An act to amend an act to reduce several laws relating particularly to the city of· New York into one act," passed April 30th, 1839, required the supreme court " to make rules to apply to the said bills of costs, [costs in matters like the one under consideration,] the existing laws in relation to the taxation of costs, and the nature and proof of the services rendered and disbursements charged, as far as the same can be made applicable, *and no unnecessary costs or charges shall be allowed.*"

In compliance with the directions of this statute, the supreme court, while it was organized under the late constitution, when it consisted of three judges, at a general term held at the city of Utica, in July, 1839, made, upon this subject, the following rule : " Pursuant to section 12 of chapter 209 of the laws of 1839, it is ordered, that the costs and charges of commissioners of estimate and assessment, of the attorney, counsel and all other persons employed by them in any proceedings for opening, extending, enlarging, altering, or otherwise improving any

In the matter of opening and extending the Bowery.

street, avenue, square, or public place in the city of New York, shall be taxed by one of the clerks of this court, or by the recorder of the city of New York, or by a circuit judge of the first circuit; and that, on such taxation, the taxing officer shall require proof, by affidavit, of the number of days that the said commissioners shall respectively have been employed in the duties of their appointment. Also, that the attorney's charges for all necessary services and disbursements, shall be proved by affidavit, and shall be taxed according to the fee bill established by the laws of this state for services rendered in this court. Also, that the said taxing officer, on proof, by affidavit, of the services of counsel, may allow reasonable counsel fees therefor; and that all necessary expenses and disbursements which it shall be proved by affidavit that the said commissioners have incurred, or that it is their duty to provide for, shall be allowed by such taxing officer."

Under this rule, all subsequent proceedings, upon the subject to which it applied, have been conducted; and all bills of costs have been taxed, down to the proceeding in the present matter. The party opposing the report of the commissioners, and objecting to the costs as taxed, contends that the said section 12 of the act of 30th April, 1839, authorizes the supreme court of this district, at general term, to revise and modify the rules made by the old supreme court, in July, 1839; and that, therefore, the rules upon this subject, made by the supreme court of this district, on the 30th of March, 1854, control this question.

The proceedings in this matter are not under the code, or affected by the code; but, are governed entirely by the statute, and the rules adopted by the court, under the statute. The supreme court, in the several judicial districts of the state, has no power to create general rules; that power, by § 470 of the code, is expressly given to a convocation of judges, mentioned in that section, who are to meet every two years for that purpose, at the capitol in the city of Albany. The rules adopted by the general term in this district, on the 30th of March, 1854, if legal, are general rules applicable to all cases of like character. Therefore, the general term in a district had no legal power to

make them; for which reason, those rules are void and nugatory. The act of the legislature of the 1st of April, 1854, entirely governs this question.

The language of that part of the section of that act, applicable to this matter, is as follows : " that this section shall not prevent the said counsel from receiving his costs, fees and charges, for all services rendered by him in any matter or proceeding aforesaid, on or before the said first day of January *next ;* [1855] but said costs, fees and charges, for services so previously rendered, and also the costs, charges, expenses and disbursements, of all commissions or proceedings pending on or before the said first day of January *next,* [1855] shall be taxed by the clerk of the supreme court, *at, for, and upon the usual and customary rates, services and proofs, heretofore taxed and allowed, and upon such taxation, shall be paid by the mayor, aldermen and commonalty aforesaid.*"

The usual and customary rates, services and proofs, heretofore taxed and allowed in these cases, are fully established in the cases referred to upon the argument, and distinctly so in the case of *extending Canal street,* in the reports of Mr. Bosworth and Mr. Noyes, as approved by the court.

The evidence in this case shows that these costs have been taxed by the clerk of the court, " at, for, and upon the usual and customary rates, services and proofs, heretofore taxed and allowed."

Order of special term affirmed.

[NEW YORK GENERAL TERM, April 9, 1855. *Morris, Clerke* and *Cowles,* Justices.]