## SUPREME COURT

In the Matter of the Proceedings, &c., to open Sixty-Fifth Street.

An *appeal* from the *taxation of costs* on assessments in street cases in the city of New York, cannot be taken *after* the report of the commissioners is confirmed.

*New York General Term, May,* 1862.
Ingraham, Leonard and Rosekrans, *Justices.*
Appeal from taxation of costs.

John E. Burrill, *for appellants.*
Henry H. Anderson, *for the corporation.*

By the court, Ingraham, P. Justice. Several of the parties assessed in this proceeding appeal from the taxation of costs therein. This appeal was taken after the confirmation of the report of the commissioners. The costs had been taxed by the clerk of the court, and an appeal was taken to the judge at special term before the report was

confirmed. Afterwards an order of confirmation was entered, and the parties now appeal to the general term.

So far as relates to the confirmation of the report, we have heretofore held that no appeal could be taken to the general term. (*The Bowery Extension case*, 12 *How. P. R.*, 97.)

And in a late case at the special term, a stay of proceedings was vacated upon the ground that the confirmation of the report was made by the statute final and conclusive between the parties. To allow an appeal from taxation after the report was confirmed, would be of no avail. Even if the taxation was erroneous, no benefit to the party assessed could result from the appeal, because the amount assessed upon his lots has by the confirmation become a lien thereon, which cannot be altered afterwards by the court.

The amount so assessed must be collected by the authorized agent of the corporation, without diminution, even if a portion of the costs should on retaxation be deducted. If any such appeal on the subject of costs can be entertained, the proper course is to move for a postponement of the order confirming the report until such appeal is heard. If the charges are reduced, the report should be sent back to the commissioners for revision, to have the amount so deducted from the expenses distributed among the parties assessed, and the corresponding reduction made in the various assessments. The statute provides, " that the court after hearing any matter which may be alleged against the same, either confirm the report or refer the same, &c., for revisal and correction." The review of the charges, therefore, it will be seen, is a part of the matter to be alleged against the report when presented for confirmation, and if the order of confirmation cannot be reviewed on appeal, the objection to any matters which must be alleged before the confirmation of the report, is subject to the same objection. (*Davies's Laws of New York, pp.* 533–4.) By the same statute such final confirmation of the report is not only

made conclusive on the owners and others interested in the lands, but upon all persons whatsoever, and on the confirmation the title to the land taken becomes vested in the corporation.

By the 189th section of the same statute, the costs and charges are directed to be included in the assessment above referred to.

I do not intend to be understood as holding that the taxation of costs in these cases may not be a subject of review by the general term if the appeal is taken before the confirmation. It is not necessary that I should decide this point now. There are cases in which such a review has been had in the general term in this district. Such a review was entertained in the case of *Canal and Walker streets, in* 1849. (*See Davies's Laws, p.* 1262, and *in matter of Bowery Extension*, 19 *Barb.*, 588.) But after the confirmation of the report, whereby it becomes final and conclusive upon all persons, there can be no appeal.